# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG FARLEY,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT KERNAN, Secretary<br><br>　　　　　　　　　Respondent. | Civil No.　16cv188 LAB (BGS)<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 34.]; AND**<br><br>**(2) REQUESTING ADDITIONAL INFORMATION FROM THE PARTIES** |

On June 27, 2016, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Petitioner also filed a request to proceed in forma pauperis, which the Court granted on March 8, 2016. [ECF No. 6.] Presently before the Court is Petitioner's motion to appoint counsel. [ECF No. 34.]

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 2011); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

/ / /

In the present case, Petitioner states that he is "housed in the state hospital (D&H) facility of the Department of Mental Health being treated by psychiatrist for mental illness." [ECF No. 34 at 1.] Petitioner also states he: "suffers from a severe mental disability/disorder"... s on numerous anti-depressants and anti-psychotic medication...suffering adverse reactions... including confusion, abnormal thinking, abnormal dreams, fatigue, dizziness and hallucinations... and is unable to proceed alone." *Id.* at 3. Petitioner, therefore, requests appointment of counsel. *Id.* at 4.

In *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005), the Ninth Circuit held that where a petitioner submits "substantial evidence" of his incompetence, the District Court should hold a competency hearing to determine whether a petitioner is "competent under an appropriate standard for habeas petitioners." *Allen*, 408 F.3d at 1153-54. Although the Court did not specify what constitutes "substantial evidence" of incompetence or what the "appropriate standard" is, it did give some guidance. In *Allen*, the petitioner submitted his own sworn declaration and a declaration from a fellow inmate which stated that Allen was mentally impaired and did not understand the Court's orders. *Id.* at 1151. He also submitted a letter from a prison psychiatrist which stated that Allen was in the Enhanced Outpatient Program ("EOP") at the prison, had been "diagnosed with Chronic Undifferentiated Schizophrenia and [was] taking two psychotropic medications," and a second declaration in support of a motion for appointment of counsel which stated that he suffered from a "'debilitating mental illness that requires a course of treatment that includes the use of various psychotropic medications'" and that the mental illness combined with the medications "'severely [hinder] his ability to comprehend or correctly respond to the determinations and Orders made by the Court.'" *Allen*, 408 F.3d at 1151-52. The Ninth Circuit concluded that this was sufficient to require the District Court to make a determination as to Allen's competency by appointing counsel and conducting a competency hearing. *Allen*, 408 F.3d at 1153-54.

The information contained in Petitioner's motion does not rise to the level of "substantial evidence" outlined in *Allen*. In particular, although Petitioner indicated in his motion for appointment of counsel that the Court should reference certain exhibits regarding his mental health reports, list of medications and adverse reaction information, there were no exhibits

attached to the motion. [ECF No. 34.] Nevertheless, because Petitioner has made specific allegations of incompetency, and it is not clear at this time that Petitioner can meet the "substantial evidence" threshold enunciated in *Allen*, the Court will allow additional time for Petitioner to submit the omitted exhibits. Accordingly, it is **HEREBY ORDERED**:

(1) Petitioner shall file a document entitled "Additional Evidence of Mental Illness" with accompanying declarations, exhibits, and argument. The declarations, exhibits, and argument should establish the following: (a) Petitioner <u>currently</u> suffers from a mental illness, and (b) that mental illness prevents him from being able to understand and respond to Court orders. The additional information may include declarations, signed under penalty of perjury, from Petitioner, other inmates, medical personnel who have treated Petitioner and current psychiatric records. Petitioner's filing is due **no later than <u>August 22, 2016</u>**;

(2) Respondent shall file a response **no later than <u>September 12, 2016</u>**. The response shall include Respondent's independent investigation into Petitioner's current competence, as well as any legal argument and exhibits Respondent wishes the Court to consider.

As explained above, in light of the Court's request for additional information, it is premature to determine whether counsel should be appointed to represent Petitioner in this action. The motion for appointment of counsel is therefore **DENIED** without prejudice at this time.

DATED: July 15, 2016

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court