UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG FARLEY,<br><br>        Petitioner,<br><br>v.<br><br>JOHN SOTO, Warden,<br><br>        Respondent. | Case No.: 16cv0188-LAB (BGS)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY**<br>**[ECF No. 32.]** |

**I. INTRODUCTION**

Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's Motion for Discovery. With his Petition for Writ of Habeas Corpus filed January 25, 2016, Petitioner included a Notice of Motion for Discovery, in which he requested discovery materials for the following records:

(1) All records in possession of the trial court and the District Attorney's Office.

(2) Jury selection process and minute orders in Case No. SCD229026.

(3) All pre voir dire transcripts.

(4) All trial transcripts to be lodged with the court to evaluate the *Batson*/*Wheeler* violation and *Wheeler* motion.

[ECF No. 1, Ex. A-1 at 6.]

In Petitioner's Answer to Respondent's Opposition to Petitioner's Motion for Discovery filed June 19, 2016, Petitioner clarified his request and explained that his motion for discovery is specific to the *Batson*/*Wheeler* claim; namely, he seeks to compel requests 3 and 4 listed above. [ECF No. 32 at 3 and 6.]  Therefore, the Court will only consider requests for discovery numbers 3 and 4.[1]

In support of his discovery requests, Petitioner alleges ineffective assistance of trial and appellate counsel for failure to raise a *Batson*/*Wheeler* claim.  Specifically, Petitioner contends that since there were no African Americans on the jury at his trial, Petitioner was deprived of the right to a jury drawn from a representative cross-section of the community.  Further, as African American people constitute a cognizable group for *Batson*/*Wheeler* purposes, they may not be excluded based on race.  Trial Counsel was ineffective by not objecting to the fact that no African Americans were sitting as jurors. Appellate counsel was ineffective by not raising the *Batson/Wheeler* claim on appeal. [ECF No. 32 at 2-3.]

Respondent filed an Opposition to Petitioner's Motion for Discovery, in which he argues that under Rule 6(a) of the Rules Governing § 2254 cases, Petitioner has not shown good cause. [ECF No. 15 at 3.]  In sum, Respondent claims Petitioner has not established by specific allegations showing if the facts are fully developed he would be able demonstrate entitlement to relief.  Respondent states Petitioner is simply on a fishing expedition. *Id*.  As regards Respondent being in possession of the voir dire transcripts, he

---

[1] While it is unclear which documents Petitioner seeks by requesting "pre voir dire transcripts," the Court understands Petitioner to mean that he seeks the transcripts of the voir dire reported by stenographer Kimberly Morales on October 6, 7 and 11, 2015, based on exhibits to the motion. [*See* ECF Nos. 1, Ex. A-1 and 32, Ex. A.] Petitioner contends he has made several attempts to procure the voir dire transcripts from Ms. Morales.  A letter from Ms. Morales, dated August 17, 2015, acknowledged receipt of Petitioner's request for the voir dire transcripts and explained that voir dire is not part of the "normal" record on appeal. [ECF No. 32, Ex. A.] Ms. Morales informed Petitioner that because the transcript had not been requested by the appellate court, he would have to order and pay for it. [*Id.*] Petitioner contends that he is indigent and cannot obtain the voir dire transcripts unless they are provided free of charge.  Petitioner is proceeding in forma pauperis (IFP).

1  adds that if there were any such transcripts, they would be part of record on direct appeal
2  if such an issue was raised. *Id.* at 3.

## II. STANDARD OF REVIEW

In habeas proceedings, the petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 cases provides that the court may, for good cause, allow discovery and may limit the extent of discovery. Rule 6(b) requires a party requesting discovery to provide reasons for the request, and to specify any requested documents.

The availability of discovery during a habeas proceeding is subject to "the sound discretion of the district court." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993) (citing 28 U.S.C. foll. § 2254 Rule 6 & adv. comm. note (1988)). "Habeas is an important safeguard whose goal is to correct real and obvious wrongs." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) The Ninth Circuit has held that courts should not permit habeas petitioners to utilize discovery for "fishing expeditions to investigate mere speculation." *Calderon v. U.S.D.C. (Nicholaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996).

A petitioner establishes good cause "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The district court can only assess the propriety of discovery under Rule 6(a) where the habeas petitioner has outlined specific allegations in factual detail. *See Nicholaus*, 98 F.3d at 1106.

## III. DISCUSSION AND ORDER THEREON

### A. *Batson/Wheeler* Claim as the Basis of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must first show his attorney's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Counsel's performance is reviewed under a standard

of deferential scrutiny. *Id.* at 689.  Counsel is given the benefit of a strong presumption that his or her conduct fell within the "wide range of reasonable professional assistance." *Id.* at 690.  Second, the petitioner must show he was prejudiced by counsel's errors. *Id.* at 694.  Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The Court need not address both the deficiency prong and the prejudice prong if the defendant fails to make a sufficient showing of either one. *Id*. at 697.

A *Batson* violation occurs when there is purposeful discrimination in the selection of the jury.  A *Batson* challenge is an objection to the manner in which individual jurors were selected.  Purposeful racial discrimination in the selection of an individual jury violates a defendant's right to equal protection because it denies the defendant the protection a trial by jury is intended to secure. *Batson v. Kentucky*, 476 U.S. 79, 85-87 (1986).

A claim raising an equal protection violation under *Batson* has three steps.  First, the defendant must establish a prima facie case of purposeful discrimination in the selection of the trial jury based on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial.  At the second step, the burden shifts to the government to offer a neutral explanation for the challenged jurors.  At step three, the trial judge must determine whether the defendant has shown purposeful discrimination.

To establish a prima facie case of purposeful discrimination, the accusing party must show: (1) the prospective juror is a member of a cognizable group, (2) the prosecutor used a peremptory strike to remove the juror, and (3) the totality of the circumstances raises an inference that the strike was motivated by race. *Boyd v. Newland*, 476 F.3d 1139, 1143 (9th Cir. 2006).  In establishing a prima facie case, a defendant need only produce "evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred." *Johnson v. California*, 545 U.S. 162, 171 (2005).

1    Petitioner is requesting the voir dire transcripts from Oct. 6, 7 and 11, 2011 in order to
2    demonstrate he had a meritorious *Batson/Wheeler* claim which his counsel failed to raise.
3    [*See* ECF No. 32 at 3.]) Petitioner concedes that under Rule 6(a) he has to establish good
4    cause. *Id.* Good cause for discovery is shown "where specific allegations before the court
5    show reason to believe that the petitioner may, if the facts are fully developed, be able to
6    demonstrate that he is . . . entitled to relief . . . ." *See Bracy*, 520 U.S. at 908-09 (quoting
7    *Harris*, 394 U.S. at 300 (1969)).

8    In order to proceed with a *Batson* claim, Petitioner would first have to establish a
9    prima facie case of purposeful discrimination by showing (1) there was a prospective
10   African American juror, (2) the prosecutor used a peremptory strike to remove the juror,
11   and (3) the totality of the circumstances raises an inference that the strike was motivated
12   by race. *See Boyd*, 476 F.3d at 1143.

13   In *Boyd*, the Ninth Circuit held that the entire voir dire transcript was necessary for the
14   California appellate court to evaluate relevant circumstances surrounding the peremptory
15   strike of an African American juror. 476 F.3d at 1144-45. In that case, the petitioner had
16   established the first and second elements of a prima facie case of purposeful
17   discrimination; only the third element was at issue. *Id.* at 1143. Because it was clear that
18   the petitioner had raised at least a plausible *Batson* claim, the court found that
19   comparative juror analysis was an important tool to determine whether racial bias
20   motivated the prosecutor's decision to strike a potential juror. *Id.* at 1147.

21   In the instant case, Petitioner has not alleged any facts that suggest he has a plausible
22   *Batson* claim. Unlike the petitioner in *Boyd*, Petitioner has not established the first two
23   elements of a prima facie case of purposeful discrimination. Petitioner has not alleged
24   with specific factual detail that there was a peremptory strike of a potential African
25   American juror that motivated the prosecutor's decision to strike a potential juror.
26   Instead, Petitioner contends that because there were no African Americans on the trial
27   jury, his counsel were ineffective for failure to raise the *Batson* challenge. However, the
28   Equal Protection Clause does not solely look at the racial makeup of a jury, but instead

targets discriminatory strikes, thereby precluding prosecutors from challenging potential jury members based on race. *See Batson*, 476 U.S. at 89.  Thus, even if the voir dire transcripts showed that there were no African Americans on the trial jury, this alone would not be sufficient to establish a plausible *Batson* claim.

Since Petitioner has failed to show he has a plausible *Batson/Wheeler* claim, he has failed to establish good cause under Rule 6(a) for the transcripts of the voir dire at his trial.  Therefore his motion for discovery is denied, without prejudice.  If Petitioner refiles his motion for discovery, he must allege sufficient facts to demonstrate good cause, as detailed in this order.[2]

### B. Petitioner's Request for Trial Transcripts is Moot Due to Respondent's Notice of Lodgment.

Petitioner has requested "all [t]rial [t]ranscripts to be lo[d]ged with the Court." [ECF No. 1, Ex. A-1 at 6.]  However, this request is moot, because Respondent filed an answer and an extensive notice of lodgments on April 27, 2016. [ECF Nos. 18 and 19.] Specifically, Respondent has already lodged the direct appeal record, which includes reporter's transcripts, augmented reporter's transcripts, and clerk's transcripts, amongst a total of fourteen lodgments.  Respondent mailed the lodgments to Petitioner on April 27, 2016. [ECF No. 18 at 4.]  Petitioner even notes that the trial transcripts he seeks to be lodged with the court are usually automatically provided to the court by the Attorney General.  As seen by an examination of the Court's docket, such a lodgment was made in the instant case.

///

---

[2] If Petitioner refiles his motion for discovery, the parties are to brief the issue as to who is required to pay for the voir dire transcripts, assuming Petitioner can establish good cause for them. Additionally, the Court has not opined on the admissibility of these transcripts as part of the record for purposes of Petitioner's habeas petition.  *See e.g. Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) (federal habeas review of state-court proceeding was limited to record before the state court).

## IV. CONCLUSION AND ORDER THEREON

Petitioner has failed to show he has a plausible *Batson/Wheeler* claim.  Therefore, he has failed to establish good cause under Rule 6(a) for the transcripts of the voir dire at his trial.  His motion for discovery is denied, without prejudice.

Dated:  August 29, 2016

*[signature]*

Hon. Bernard G. Skomal
United States Magistrate Judge