UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG FARLEY,<br><br>                   Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>                   Respondent. | Case No.:  16CV188 LAB (BGS)<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 38-41] |

On July 15, 2016, Petitioner Craig Farley, a state prisoner proceeding pro se, filed a Motion to Appoint Counsel (ECF No. 34.)  The Court denied appointment of counsel, but without prejudice and with leave to file a supplemental motion addressing Petitioner's claims of mental illness and competence.  (ECF No. 36.)  The Court also ordered Respondent to file a response addressing an independent investigation into Petitioner's competence and well as applicable legal argument.  (*Id.*)

**BACKGROUND**

Petitioner responded to the Court's order with a number of filings that included portions of his medical records, information on his medications, and an explanation that he is receiving assistance with his legal filings from another inmate.  (ECF Nos. 38-41.)  Petitioner indicates that he is housed in the Department State Hospital, Mental Health Facility and being treated for mental illness.  (ECF No. 39.)  He states that he is suffering

from symptoms of dangerousness, impulsivity, depression, and suicidal ideation. (ECF No. 38.) He also states that because of "mental health issues, and cognitive function disorders, I do not have sufficient mental abilities to articulate my claims." (ECF No. 39.)

Petitioner submitted a July 16, 2016 Treatment Plan that indicates he is diagnosed with "Major depressive disorder, Recurrent episode, With psychotic features." (ECF No. 39, Ex. A [July 19, 2016 Treatment Plan] at 1.) He is prescribed Remeron and Effexor for depression and Olazapine for psychosis. (*Id.* at 2.)

Petitioner also submitted a declaration from Inmate Roderick Himes. (ECF No. 39, Ex. C.) Mr. Himes declaration states that he was contacted by Petitioner in March 2016 to prepare his pleadings in the case. (*Id.*) He indicates the issues in Petitioner's case are particularly complex and Petitioner has difficulty understanding them. (*Id.*) He also states that Petitioner is illiterate.[1] (*Id.*)

As ordered by the Court, Respondent submitted a Response to Petitioner's additional evidence of mental illness. (ECF No. 43.) Respondent submitted Petitioner's entire prison medical records under seal. While acknowledging Petitioner suffers from depression and psychosis, Respondent argues there is no indication his medications are not working, his recent treatment plans indicate Petitioner participates in his treatment, and that he is functional at his current level of care. Respondent additionally argues that his treatment plans lack any indication that he does not understand things or that he is unable to communicate and he does not demonstrate chronic psychiatric symptoms. However, Respondent also notes that Petitioner's Global Assessment of Functioning (GAF) score is 30 and states that indicates "his behavior is considerably influenced by

---

[1] The Court notes Petitioner being illiterate is not supported by any records before the Court. His medical records reference him writing letters, receiving letters, and reading. For example, there is an indication that his reading preference is drama. (Medical Records at 251. The medical records also indicate "[h]e has HS education and is literate" and "[h]is IQ is estimated as average range." (Medical Records at 427.)

delusions or hallucinations or serious impairment in communication or judgment." (Resp. at 5.)

Neither party submitted any declarations from any of Petitioner's medical providers.

## DISCUSSION

As the Court noted in its order denying appointment of counsel, the Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

In the Court's prior order addressing Petitioner's claims that he required appointment of counsel because he suffers from mental illness, the Court relied on *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005). In *Allen*, the Ninth Circuit held that where a petitioner submits "substantial evidence" of his incompetence, the District Court should hold a competency hearing to determine whether a petitioner is "competent under an appropriate standard for habeas petitioners." *Allen*, 408 F.3d at 1153-54. The Ninth Circuit rationalized that a competency hearing is required to determine if a guardian ad litem should be appointed. *Id.* at 1153 ("Pursuant to Fed. R. Civ. P. 17(c), courts are required to 'appoint a guardian ad litem for an ... incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the ... incompetent person.' This Rule equally applies to habeas petitioners." (quoting Fed. R. Civ. P. 17(c))). The Ninth Circuit further determined "counsel should be appointed for the limited purpose of representing the petitioner at the competency hearing as required by Rule 8 of the Rules Governing Section 2254 Cases, should the district court determine it advisable." *Id.*

Although the court did not specify what constitutes "substantial evidence" of incompetence or what the "appropriate standard" is, it did give some guidance. In *Allen*, the petitioner submitted his own sworn declaration and a declaration from a fellow inmate which stated that Allen was mentally impaired and did not understand the Court's orders. *Id.* at 1151. He also submitted a letter from a prison psychiatrist which stated that Allen was in the Enhanced Outpatient Program ("EOP") at the prison, had been "diagnosed with Chronic Undifferentiated Schizophrenia and [was] taking two psychotropic medications," and a second declaration in support of a motion for appointment of counsel which stated that he suffered from a "'debilitating mental illness that requires a course of treatment that includes the use of various psychotropic medications'" and that the mental illness combined with the medications "'severely [hinder] his ability to comprehend or correctly respond to the determinations and Orders made by the Court.'" *Allen*, 408 F.3d at 1151-52.

Various lower courts have determined meeting the threshold of substantial evidence of incompetence thereby requiring a court to conduct a competency hearing is extremely difficult. *See, e.g., Lavery v. Singh,* 2011 WL 5975934, at *3 (S.D. Cal. Nov.29, 2011) (finding the petitioner failed to submit substantial evidence of incompetence by not submitting any relevant and recent evidence of current incompetence, other than his own declaration, which was refuted by the current medical records provided by the respondent); *McElroy v. Cox*, 2009 WL 4895360, at *3 (E.D. Cal. Dec.11, 2009) (concluding the petitioner failed to submit substantial evidence of incompetence because, despite providing recent medical records supporting diagnosis of a mental disability, the petitioner functions well when properly medicated and there is no nexus between his mental disorder and his ability to articulate his claims); *McDonald v. Waddington*, 2009 WL 302279, *3 (W.D. Wash. Feb 6, 2009) (holding the petitioner failed to submit substantial evidence of incompetence because the petitioner functions well when properly medicated and there is no nexus between his mental disorder and his ability to articulate his claims).

Respondent seems to argue that *Allen's* standard does not apply because in that case, the Petitioner's habeas petition was dismissed for failure to prosecute. (Resp. at 3.) The Court disagrees that the standard articulated in *Allen* is limited only to cases where a petition has been dismissed for failure to prosecute, however, as discussed below, the progression of this case and Petitioner's filings suggest he is competent for purposes of this habeas proceeding.

Although Petitioner's medical record indicates that he is housed in the California Department of State Hospitals, suffers from major depression and suicidal ideation, and is taking the psychotropic medications noted above, the record does not indicate his mental illness hinders his ability to comprehend the proceedings before this Court or appropriately respond to the issues raised in this case.

The Court is not minimizing the severity or the seriousness of Petitioner's mental illness, however, the guidance in *Allen* suggests in considering the evidence of mental illness, the Court should look to whether the evidence[2] indicates Petitioner is hindered in his ability to comprehend the proceedings or appropriately respond to the Court. *Allen*, 408 F.3d at 1151-52. The record before the Court does not suggest that he is.

Petitioner's recent medical records only indication that he might have trouble understanding things is in general is a reference to delusions. (July 19, 2016 Treatment Plan at 2.) However, in context, it is not an indication he does not understand or could not respond to the proceedings before the court. Under Least Restrictive Housing Review, his treatment plan indicates he is not appropriate to be moved to his least restrictive housing because of the "presence of delusions that result in behaviors that are violent and/or disruptive" and he "[r]eports under stress, [he] gets violent thoughts to hurt others." (*Id.*) While this may be important for housing purposes, it does not suggest

---

[2] The Court focuses primarily on his medical records pertaining to the period his habeas Petition has been before the Court to evaluate his competence for purposes of this proceeding.

5

delusions that would impair his ability to understand court proceedings. Additionally, it does not appear to be an unmanaged problem. His July 19, 2016 Treatment Plan indicates that "he has not acted out on any aggressive thoughts to engage in violence to relieve stress" since a transfer that occurred on May 3, 2016. (*Id.*)

Petitioner's most recent treatment plan, submitted by Petitioner, also indicates he is taking his medications and he is of "above average intelligence (not reflected by TABE score)." (July 19, 2016 Treatment Plan at 2-3.) His treatment goals are focused on decreasing depressive symptoms and thoughts of suicide. (*Id.* at 4.) As noted above, Petitioner indicates in his declaration that he suffers from symptoms of dangerousness, impulsivity, depression, and suicidal ideation, his treatment plan indicates "[m]ood appears stable at this time" and "[l]ast experienced SI 3 months ago." (*Id.* at 3.) It also indicates "[p]atient reports that he is no longer depressed and that he is using effective coping skills for reducing level of depression." (*Id.* at 4.)

Beyond his most recent medical records — Petitioner's medical records while he has been pursuing habeas relief before this court — also do not suggest he would be unable to understand the proceedings or appropriately respond to court orders. For example, on January 21, 2016, a few days before Petitioner filed his federal habeas petition, a progress note indicates his "thought process was organized, thought content appeared clear, [n]o apparent cognitive deficits, [and] insight and judgment appear intact." (Medical Records at 490.) On February 25, 2016 he is described as "stable, a high functioning inmate." (*Id.* at 460.) There are medical records in March 2016 that indicate Petitioner's condition was worsened, including notes that he was acting odd and a note that his thought processes seemed delayed or slow, but even then the notes also indicate "he is able to track a conversation and respond appropriately." (*Id.* at 106.) In May 2016, the notes indicate "no cognitive deficits apparent . . . [thought process was logical, linear and goal directed." (*Id.* at 77.)

In summary, based on Petitioner's medical records and the declarations he submitted, the Court finds that Petitioner has not presented substantial evidence of

incompetency sufficient to warrant a competency hearing. His medical records do not indicate he is unable to comprehend the proceedings or appropriately respond to the Court.

The Court additionally notes that the proceedings in this case support the conclusion that Petitioner is not incompetent. Although the *Allen* court did not address how the proceedings before the court might factor into an assessment of competency because that case was dismissed at an early stage, the Court notes here that Petitioner's habeas Petition is fully briefed.

Petitioner filed his Petition, stating numerous grounds for relief. (ECF No. 1.) He attached a request for stay and abeyance, identifying three claims he believed he had not fully exhausted before the California Supreme Court.[3] (ECF No. 1 at 15-19.) He attached exhibits, including a filing from the California Supreme Court indicating the time for granting or denying review was extended. (*Id.* at 21-22.) This filing predates the assistance of Mr. Himes in March 2016. Petitioner's initial motion to proceed in forma pauperis was denied because he failed to include a prison trust statement, but he was allowed to file a new motion by March 30, 2016. (ECF No. 4.) On March 1, 2016, before the deadline, Petitioner submitted a new motion to proceed IFP with the prison trust statement attached along with the prior order denying IFP, as directed in the court's order. (ECF No. 5.) The motion was granted and the briefing on the Petition scheduled. (ECF Nos. 6-7.) After Respondent filed his Response to the Petition, Petitioner sought two extensions of time to file his Traverse that were granted. (ECF Nos. 21-22, 24-25.) Petitioner then filed his Traverse. (ECF No. 26.) Petitioner also filed a Motion for Discovery that was denied. (ECF Nos. 32, 42.) Petitioner's ability to comprehend the proceedings and appropriately respond to the Court is evident from the record in this case.

---

[3] Although not necessarily filed properly, it reflects an understanding of the importance of exhausting claims for purposed of federal habeas relief.

## CONCLUSION

Petitioner's supplemental filings, together with Petitioner's medical record do not alter the Court's prior conclusion that the appointment of counsel is not warranted in this case. Petitioner has not submitted substantial evidence of incompetence sufficient for the Court to hold a competency hearing and appointment of counsel is **DENIED**.

IT IS SO ORDERED.

Dated: January 31, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge